United States District Court
Southern District of Texas
ENTERED
March 31, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL TYLER, (TDCJ-CID #1240157) | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-16-2328 |
| LORIE DAVIS, | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Michael Tyler, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state-court conviction for capital murder. Because Tyler filed this suit too late, it must be dismissed.

## I. Background

A jury found Tyler guilty of capital murder and, on May 26, 2004, imposed a life sentence. (Cause Number 936600). The Fourteenth Court of Appeals of Texas affirmed Tyler's conviction and sentence on June 21, 2005. The Texas Court of Criminal Appeals refused Tyler's petition for discretionary review on January 25, 2006. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/. Tyler filed an application for state habeas corpus relief on July 30, 2012, which the Texas Court of Criminal Appeals denied without written order on August 21, 2013. Tyler filed a second application for state habeas corpus relief on December 11, 2012, which the Texas Court of Criminal Appeals denied without written order on findings of the trial court on August 21, 2013. Tyler filed a third application for state habeas corpus relief on August 6, 2015,

which the Texas Court of Criminal Appeals dismissed as a successive application on November 4, 2015.

On August 2, 2016, this court received Tyler's federal petition. Tyler contends that his conviction is void because he is actually innocent and counsel rendered ineffective assistance. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6; Docket Entry No. 2, Petitioner's Memorandum, pp. 1-5).

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), set a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time limit on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on January 5, 2017, this court directed Tyler to file a written statement by February 7, 2017, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 5). Tyler complied. (Docket Entry No. 6).

Tyler's state-court conviction became final when the time for filing a petition for a writ of certiorari expired, 90 days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Tyler's petition for discretionary review on January 25, 2006. Tyler's deadline for filing a petition for a writ of certiorari was April 25, 2006. The limitations period ended one year later, on April 25, 2007. Tyler did not file this federal petition until August 2, 2016.

A properly filed application for state postconviction relief may extend the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Tyler's state habeas applications did not extend the April 25, 2007 deadline.

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder*

*v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips,* 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,* at 715 n.14.

Tyler asserts that his actual innocence precludes the dismissal of this § 2254 petition. (Docket Entry No. 6, Petitioner's Response, p. 1). The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Insofar as Tyler requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002). In addition, Tyler has not shown that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court recently considered whether a plea of actual innocence can overcome the habeas statute of limitations. The district court first determined that Perkins's claim was filed well beyond AEDPA's limitations period and that equitable tolling was unavailable to Perkins because he could demonstrate neither exceptional circumstances nor diligence. The district court then found that Perkins's alleged newly discovered evidence, *i.e.,* the information contained in three affidavits, was "substantially available to [Perkins] at trial." The district court further found the proffered evidence, even if "new," was hardly adequate to show that, had it been presented at trial, no reasonable juror would have convicted Perkins. The

Sixth Circuit granted a certificate of appealability limited to the question whether reasonable diligence was a precondition to reliance on actual innocence as a gateway to adjudication of a federal habeas petition on the merits. The Sixth Circuit reversed the district court's judgment. Acknowledging that Perkins's petition was untimely and that he had not diligently pursued his rights, the Sixth Circuit held that Perkins's actual-innocence claim allowed him to present his ineffective-assistance-of-counsel claim as if it had been filed on time. In so ruling, the Sixth Circuit apparently considered Perkins's delay irrelevant to appraisal of his actual-innocence claim.

The Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo,* 513 U.S. 298 (1995), and *House v. Bell,* 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations. The Supreme Court explained:

> We have explained that untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence.
> On remand, the District Court's appraisal of Perkins' petition as insufficient to meet *Schlup*'s actual-innocence standard should be dispositive, absent cause, which we do not currently see, for the Sixth Circuit to upset that evaluation. We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." 513 U.S., at 316, 115 S. Ct. 851.

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013).

Tyler offers the affidavits of three alibi witnesses, Lashonda Lee, Tiffany Morgan and Reginald Bean. (Docket Entry No. 2, pp. 11-13). He also offers the report of an expert witness, Dr. Fisher. (*Id.* at 6-10).

The state habeas court found:

> 8. The Court finds, based on Morrow's credible affidavit, that eye-witness identification was the key issue in Applicant's case. Morrow hired Dr. Fisher, an eye-witness expert, to provide him with insight about the identification in this case in preparation for trial. State's Writ Exhibit D, Affidavit of Robert Morrow.
>
> 9. The Court finds, based on Morrow's credible affidavit, that Applicant and Morrow discussed Applicant's case and his alibi defense. Morrow hired the investigation firm Gradoni and Associates, and Investigator Harry Johnson provided Morrow with a written report chronicling his interviews of Lashonda Lee Tyler ("Tyler"), Tiffany Morgan ("Morgan"), and Reginald Bean ("Bean"). Tyler, Morgan, and Bean were also interviewed by Morrow's co-counsel Kyle Johnson ("Johnson"). State's Writ Exhibit D, Affidavit of Robert Morrow.
>
> . . .
>
> 11. The Court finds, based on Morrow's credible affidavit that Morrow prepared affidavits from Tyler and Bean in reference to their visit to Applicant's apartment on Christmas Eve and they were signed on February 19, 2003. State's Writ Exhibit D, Affidavit of Robert Morrow.
>
> 12. The Court finds, based on Morrow's crediblt4idavit, that Tyler, Morgan, and Bean testified in front of the Grand Jury. Without revealing the content of their Grand Jury testimony, the prosecutor indicated to Morrow that it was clear that Applicant's alibi witnesses were not telling the truth. State's Writ Exhibit D, Affidavit of Robert Morrow.

http://www.hcdistrictclerk.com/edocs/public.

Tyler was aware of the alibi witnesses and the expert witness before trial. Though the affidavits of the alibi witnesses are dated in 2014, the testimony is substantially the same as that given prior to trial, as described by the state habeas court.

Tyler has not met his heavy burden of showing that he is actually innocent. Tyler has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial. The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Tyler does not identify any grounds for equitable tolling, and the record discloses none. *See,*

*e.g.*, *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Tyler does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Tyler from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Tyler's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Tyler's claims relate to his trial on May 26, 2004. Tyler has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

## III. Conclusion

Tyler's challenges to his 2004 conviction are DISMISSED as time-barred. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Tyler does not make this showing. This court will not issue a certificate of appealability.

SIGNED at Houston, Texas, on March 29, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE